United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40517
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARIO ALBERTO MUNIZ-TAPIA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-8-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Mario Alberto Muniz-Tapia.  United States v. Muniz-Tapia,

No. 04-40517 (5th Cir. Dec. 17, 2004).  The Supreme Court vacated

and remanded for further consideration in light of United States

v. Booker, 125 S. Ct. 738 (2005).  See Muniz-Tapia v. United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

_States_, 125 S. Ct. 1960 (2005).  We requested and received supplemental letter briefs addressing the impact of _Booker_.

Muniz-Tapia argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by _Booker_.  This court will not consider a _Booker_-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances.  _United States v. Taylor_, 409 F.3d 675, 676 (5th Cir. 2005).

Muniz-Tapia argues that this court's holding in _Taylor_ is not controlling because it is contrary to earlier precedent in this circuit and that plain error is therefore the proper standard of review in this case.  He concedes, however, that he cannot make the necessary showing of plain error that is required by our precedent in _United States v. Mares_, 402 F.3d 511, 520 n.9 (5th Cir 2005), _petition for cert. filed_ (Mar. 31, 2005) (No. 04-9517).  Moreover, this court has rejected his argument that a _Booker_ error is a structural error or that such error is presumed to be prejudicial.  _See_ _Mares_, 402 F.3d at 520-22; _see_ _also_ _United States v. Malveaux_, 411 F.3d 558, 560 n.9 (5th Cir. 2005), _petition for cert. filed_ (July 11, 2005) (No. 05-5297).

Because nothing in the Supreme Court's _Booker_ decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Muniz-Tapia's conviction and sentence.

AFFIRMED.